UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-01022 DJC AC (PS)<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A.　Legal Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

(1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff sues the Department of Veterans Affairs and several of its employees for failing to properly manage his disability paperwork, denying his request for medical retirement, and unjustly dismissing his PTSD diagnosis. ECF No. 1 at 5. Plaintiff alleges that these failures are due to racial bias. Id. Plaintiff seeks a minimum of $102,000 in damages and asks the court to

compel the Mather Veterans Affairs facility to promptly process his CalPERS medical retirement documentation and acknowledge that his PTSD was significantly exacerbated by work related challenges.  Id. at 5-6.

B. Analysis

This complaint must be dismissed because the court lacks jurisdiction.  Under Fed. R. Civ. P. 12 (b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute.  Baker v. Carr, 369 U.S. 186, 198 (1962); see 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

The Department of Veterans Affairs is a department of the United States.  The United States is immune from suit unless it consents to be sued.  See United States v. Mitchell, 445 U.S. 535, 538 (1980); Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995).  If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction.  See, e.g., Mundy v. United States, 983 F.2d 950, 952 (9th Cir. 1993).  Here, plaintiff has not demonstrated a waiver of sovereign immunity.

The complaint identifies the Fourteenth Amendment as the legal basis of plaintiff's claim.  ECF No. 1 at 4.  The Constitution, however, does not itself create a cause of action.  The Federal Torts Claims Act is the exclusive remedy for state law torts committed by federal employees within the scope of their employment.  28 U.S.C. § 2679(b)(1).  The statute does provide a limited waiver of sovereign immunity, rendering the United States liable for certain torts of federal employees.  See 28 U.S.C. § 1346(b).  However, the FTCA requires that plaintiff exhaust his administrative remedies before bringing suit.  "[T]he administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to."  Jerves v.

United States, 966 F.2d 517, 521 (9th Cir. 1992).  Here, it does not appear that plaintiff submitted any administrative claim to the VA.  Thus, it appears he failed to exhaust his administrative remedies.  Accordingly, there has been no waiver of sovereign immunity and this court lacks jurisdiction.

Moreover, even if plaintiff were to amend and show that he has exhausted his administrative remedies, the court would still lack jurisdiction.  The Ninth Circuit has made clear that under the Veterans' Judicial Review Act of 1988 ("the VJRA"), district courts do not have the authority to review the VA's benefits decisions.  Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1022–25 (9th Cir. 2012) (a district court does not have jurisdiction over claims that would require it to review a question of fact or law relating to or affecting veterans' benefits decisions).  The gravamen of plaintiff's complaint is the VA's allegedly improper denial of his request for medical retirement.  Accordingly, the case must be dismissed pursuant to the VJRA for lack of jurisdiction.

## II.  Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case because the government defendant is immune, and court does not have jurisdiction to hear this case.  Amendment cannot cure these defects.

## III.  Pro Se Plaintiff's Summary

Your motion to proceed without paying the filing fee is granted, and you do not have to pay the filing fee.  However, the Magistrate Judge is recommending that your case be dismissed because the federal courts do not have the authority to review denial of VA benefits.  If you disagree, you may file objections to the recommendation within 21 days.

## IV.  Conclusion

Accordingly, plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is further recommended that the complaint (ECF No. 1) be DISMISSED because the court lacks jurisdiction to hear this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 21, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE